**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHELLE MIELES,
KANSANDRA MIELES, and
KEVIN FLORES,

        Plaintiffs,

v.

SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC; and
DEANDRE HORN,

        Defendants.

1:17-cv-5545-WSD

**OPINION AND ORDER**

On December 29, 2017, Plaintiffs Michelle Mieles, Kansandra Mieles, and Kevin Flores (collectively "Plaintiffs") filed a Complaint against Defendants Swift Transportation Co. of Arizona, LLC and Deandre Horn (collectively "Defendants"), asserting claims for negligence and vicarious liability arising from an October 9, 2017, car accident. (Complaint [1]). Plaintiffs assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit

consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Here, Plaintiff's Complaint raises only questions of state law and the Court could only have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was

2

formed or has it principal office. See <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege Defendant Swift Transportation's citizenship. It states only that "[n]one of Swift Transportation's members are citizens of the state of Georgia. Swift Transportation is a citizen of the state of Arizona." ( [1] ¶ 2). This allegation is insufficient. Plaintiffs are required to allege the identity of all of the LLC's members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction. See <u>Rolling Greens</u>, 374 F.3d at 1022.

Plaintiffs are required to file an Amended Complaint stating the identities of Defendant Swift Transportation's members and their respective citizenships.[1] The Court notes that it is required to dismiss or remand this action unless Plaintiffs provide the required supplement alleging sufficient facts to show the Court's

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." <u>RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.</u>, No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting <u>Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC</u>, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

3

jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs must file an Amended Complaint on or before January 16, 2018, that provides the information required by this Order.

**SO ORDERED** this 3rd day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE